NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO ZACAPALA-ROJAS, | No. 15-73395 |
| Petitioner, | Agency No. A205-054-195 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and EZRA,*** District Judge.

Petitioner Robert Zacapala-Rojas ("Petitioner") petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming the order of an

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review "constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)); *see also Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). Under 8 U.S.C. § 1158(a)(3), questions of timeliness are ordinarily outside our jurisdiction. However, we retain jurisdiction to review the extraordinary circumstances and changed circumstances exceptions. *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013); *Taslimi v. Holder*, 590 F.3d 981, 984–85 (9th Cir. 2010).

Substantial evidence supports the agency's determination that Petitioner's lack of education and sophistication did not excuse his untimely asylum application. To excuse his untimely asylum application, Petitioner had to show either "changed circumstances" materially affecting his eligibility for asylum[1] or "extraordinary circumstances" excusing his failure to file within the one-year deadline. *See* 8

---

[1] Petitioner did not raise this as a ground in his petition, and issues not raised in the opening brief are considered waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

U.S.C. § 1158(a)(2)(B), (D). A lack of education does not constitute an extraordinary circumstance to excuse such a delay. *See Antonio–Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) (stating the general rule that ignorance of the law is not an excuse).

Substantial evidence supports the agency's determination that Petitioner was not entitled to withholding of removal because the record does not compel the conclusion that Petitioner suffered past persecution in Mexico or that he has a well-founded fear of suffering future persecution if returned to Mexico.[2] Petitioner did not offer evidence to show that he was the victim of any violence or that he was subject to any type of activity that rises to the level of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) (holding that "mere economic disadvantage alone does not rise to the level of persecution").

Lastly, substantial evidence supports the Board's determination that Petitioner failed to establish eligibility for CAT protection because Petitioner failed to show that it was more likely than not that he would be tortured by or with the acquiescence or willful blindness of a government official.[3] Specifically, (1) there is no evidence

---

[2] Petitioner does not argue in his opening brief that the agency erred by not finding that Petitioner had a well-founded fear of suffering persecution in the future if returned to Mexico, so that argument is waived. *See Martinez-Serrano*, 94 F.3d at 1259.

[3] Petitioner argues that the agency improperly considered whether persecution would be on account of a protected ground in finding that Petitioner was not eligible for

of Petitioner being tortured in the past, (2) the agency found that Petitioner could possibly return to Mexico without being tortured since he previously returned to Mexico for a month-and-a-half with no reported incidents, and (3) Petitioner's generalized claims about fear of threats and death without any evidence of police acquiescing in his torture does not support a CAT claim without objective evidence. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this [CAT] standard.").

**PETITION DENIED**.

---

CAT protection, but nothing indicates that the IJ or BIA imposed the improper legal standard for CAT protection.